IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NANCY PICARD, individually and as special representative for the Estate of Jeffrey L. Picard | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. ) |
| FIMCO INC. d/b/a FIMCO INDUSTRIES, and WELLMARK INTERNATIONAL, INC | ) ) ) |
| Defendants. | ) |

# COMPLAINT
### Allegations Common to all Counts

1. That at all times relevant hereto Nancy Picard was the wife of and was dependent upon Jeffrey L. Picard for her support and services.

2. That Jeffrey L. Picard died on or about April 10, 2017.

3. That on or about March 12, 2017 or March 14, 2017 Jeffrey L. Picard was working with a high pressure pump manufactured sold and placed into the stream of commerce by Fimco Inc. d/b/a Fimco Industries. ("Fimco")

4. That at the above time the high pressure pump was connected to a sprayer which contained Pyronyl crop spray manufactured by and/or distributed by Wellmark International, Inc. ("Wellmark")

5. That Fimco Industries, Inc. is a South Dakota corporation with its principal place of business in South Dakota. Fimco regularly supplied products that are sold and used in Illinois.

6. That Wellmark International is a California corporation with its principal place of business in California.  Wellmark regularly supplied products for use in and regularly does

business in Illinois.

7. That jurisdiction in the Court is based upon 28 USC 1332 as all Plaintiffs and all Defendants are residents and citizens of difference states.

## Count I
## Strict Liability

NOW COMES the plaintiff, Nancy Picard, and for her cause of action against the defendant, Fimco, states as follows:

1. That on or about March 12 or March 14, 2017 Jeffrey L. Picard was assigned a task to purchase a replacement pump and install said pump on a tickler sprayer while in the course and scope of his employment. Jeffrey L. Picard then and there purchased from a certain Fimco high-flo gold series pump supplied by Fimco who placed said pump into the stream of commerce for profit as part of its regular course and scope of business. That the pump in question was designed, manufactured, specified and placed into the stream of commerce by Fimco Industries, Inc. The pump was purchased on March 14, 2017.

2. That based upon the above, defendant(s) owed a duty to plaintiff and others similarly situated to supply pumps that were not unreasonably dangerous or defective.

3. That in violation of the aforesaid duty, defendant placed into the stream of commerce the high flo gold series pump part number 5277981 that was unreasonably dangerous and defective in one or more of the following respects:

   (a)   The pump lacked sufficient warnings and/or instructions to allow for safe and proper installation and replacement of the pump including post installation activation;

   (b)   The pump lacked sufficient couplings and hoses

       to prevent the spray of toxic chemicals in the vicinity of workers such as Plaintiff's decedent;

  (c)  The pump lacked sufficient warnings for Plaintiff's decedent and others similarly situated to prevent the spraying of toxic chemicals to users of the pump.

  4. That as a direct and proximate result of the aforesaid breaches, Plaintiff's decedent was sprayed with toxic Pyronyl crop spray which was ingested into Plaintiff's decedent's lungs. Plaintiff's decedent then and there sustained severe and permanent injuries to his body including his lungs. Plaintiff's decedent incurred medical bills in an attempt to obtain treatment for his injuries. Plaintiff's decedent expired due to his injuries on or about April 10, 2017. Plaintiff's decedent and Plaintiff have been deprived of the earnings of Plaintiff's decedent. Plaintiff has been deprived of the love, society and companionship of her deceased husband.

  5. That Plaintiff brings this action under the Illinois Wrongful Death Act.

  WHEREFORE, Plaintiff prays for a judgment in her favor on behalf of herself and all plaintiffs and the Estate for an amount in excess of $50,000.00 and for costs of this action.

## Count II
### Negligence

  NOW COMES the plaintiff, Nancy Picard, and for her cause of action against the defendant, Fimco, states as follows:

  1.  Plaintiff repeats, realleges and incorporates herein by reference paragraph 1 of Count I as paragraph 1 of this count.

  2.  That based upon the above, the defendant owed a duty to Plaintiff's decedent and others similarly situated to ascertain whether parts that they supplied were not unreasonably

3

dangerous and contained proper, sufficient and adequate warnings and instructions for use in installation and post-installation. Defendant further owed a duty to provide proper installation and use instructions for products it sold.

    3.    That in violation of the aforesaid duty, Defendant committed one or more of the following negligent acts or omissions:

    (a)    Failed to create and/or supply adequate warnings and/or Instructions for use with the high flo pump;

    (b)    Failed to supply a pump that was not unreasonably dangerous and defective in that the pump contained one or more of the defects enumerated in Count I;

    (c)    Failed to investigate and inquire with regard to the testing, injury and malfunction history of the model pump and similar pumps as at issue.

    4 – 5.    Plaintiff repeats, realleges and incorporates herein by reference paragraph 4 – 5 of Count I as paragraphs 4 – 5 of this count.

WHEREFORE, Plaintiff prays for a judgment in her favor on behalf of herself and all plaintiffs and the estate for an amount in excess of $50,000.00 and for costs of this action.

## Count III
## Strict Liability

NOW COMES the plaintiff, Nancy Picard, and for her cause of action against the defendant, Fimco Industries, Inc. states as follows:

    1 – 4.    Plaintiff repeats, realleges and incorporates herein by reference paragraphs 1 – 4 of Count I of paragraphs 1 – 4 f this count.

    5.    Plaintiff brings this action under the Illinois Survival Act.

WHEREFORE, Plaintiff prays for a judgment in her favor on behalf of herself and all

plaintiffs and the estate for an amount in excess of $50,000.00 and for costs of this action.

## Count IV
### Negligence

NOW COMES the plaintiff, Nancy Picard, and for her cause of action against the defendant, Fimco Industries, Inc. states as follows:

1 – 4.   Plaintiff repeats, realleges and incorporates herein by reference paragraphs 1 – 4 of Count II as paragraphs 1 – 4 of this count.

5.   Plaintiff repeats, realleges and incorporates herein by reference paragraphs 5 of Count III as paragraphs 5 of this count.

WHEREFORE, Plaintiff prays for a judgment in her favor on behalf of herself and all plaintiffs and the estate for an amount in excess of $50,000.00 and for costs of this action.

## Count V
### Strict Liability

NOW COMES the plaintiff, Nancy Picard, and for her cause of action against the defendant, Wellmark International (Wellmark), states as follows:

1 – 5.   Plaintiff repeats, realleges and incorporates herein by reference paragraphs 1 – 5 of Count I as paragraphs 1 – 5 of this count.

6.   That Wellmark supplied the Pyronyl crop spray that was contained in the spray tank which plaintiff's decedent was using on or about March 14, 2017.  Wellmark supplied said spray specifically for use in portable spraying machines for crop spray application.  One or both of said Defendants knew said spray was likely to come into contact with workers such as Plaintiff's decedent.

8.   That based upon the above, Defendant owed a duty to Plaintiff's decedent and

5

others similarly situated to supply chemical sprays which were not unreasonably dangerous or defective.

9. That in violation of the aforesaid duty, Defendant provided the Pyronyl Crop spray which was ultra-hazardous, unreasonably dangerous and defective in one or more of the following respects:

(a) The spray was not equipped with adequate warnings and/or instructions to advise Plaintiff's decedent and others similarly situated that ingestion or inhalation of the Pyronyl could cause severe lung damage, injury and death;

(b) This spray was not equipped with warnings to advise Plaintiff's decedent and others similarly situated to wear face and respiratory protection while using the crop spray product;

(c) The Pyronyl crop spray contained ultra-hazardous, extremely lethal and toxic chemicals which were unsafe for use by human beings.

10. That as a direct and proximate result of the aforesaid breach, Plaintiff's decedent sustained severe and permanent injuries when the Pyronyl Crop spray struck Plaintiff's decedent in the face and was inhaled into his lungs. Plaintiff's decedent experienced great pain, mental anguish and suffering which continued until his demise on or about April 10, 2017. Plaintiff's decedent and Plaintiff incurred medical bills in an effort to treat Plaintiff's decedent for his injuries. Plaintiff incurred funeral costs as a result of the demise of her husband. Plaintiff has been deprived of the earnings and support and services of her husband. The Estate of Jeffrey L. Picard has been deprived of the earnings and support of Jeffrey L. Picard.

11. That Plaintiff brings this action under the Illinois Wrongful Death Act.

WHEREFORE, the Plaintiff prays for a judgment in her favor and in favor of all Plaintiffs for an amount in excess of $50,000.00 and for costs of this action.

## **Count VI**
## **Negligence**

NOW COMES the plaintiff, Nancy Picard, and for her cause of action against the defendant, Wellmark International (Wellmark), states as follows:

1-7. Plaintiff repeats, realleges and incorporates herein by reference paragraphs 1-7 of Count V as paragraphs 1-7 of this count.

8. That based upon the above, Defendant owed a duty to Plaintiff's decedent and others similarly situated to test the product for dangerous and lethal propensities, to assure that the products that would not cause serious injury to users, to investigate reports of injuries and deaths associated with the use of its products and to provide adequate warnings and instructions for use with its products.

9. That in violation of one of the above duties, Defendant committed one or more of the following negligent acts or omissions:

    (a) Failed to supply a spray product that was safe for use with human application;

    (b) Failed to formulate a product that was not lethal to human beings;

    (c) Failed to investigate or give due consideration to reports of others who had been injured and/or died as a result of exposure to defendants chemicals;

    (d) Failed to provide adequate warnings or instructions for the safe use of defendant's chemical spray products.

10. Plaintiff repeats, realleges and incorporates herein by reference paragraph 10 of

Count V as paragraph 10 of this count.

11. That Plaintiff brings this action under the Illinois Wrongful Death Act.

WHEREFORE, the plaintiff prays for a judgment in her favor and in favor of all Plaintiffs for an amount in excess of $50,000.00 and for costs of this action.

## Count VII
## Strict Liability

NOW COMES the plaintiff, Nancy Picard, and for her cause of action against the defendant, Wellmark International (Wellmark), states as follows:

1 – 10. Plaintiff repeats, realleges and incorporates herein by reference paragraphs 1 – 10 of Count V as paragraphs 1 – 10 of this Count.

11. Plaintiff repeats, realleges and incorporates herein by reference paragraph 5 of Count III as paragraph 1 of this Count.

WHEREFORE, Plaintiff prays for a judgment in her favor on behalf of herself and all plaintiffs and the Estate for an amount in excess of $50,000.00 and for costs of this action.

## Count VIII
## Negligence

NOW COMES the plaintiff, Nancy Picard, and for her cause of action against the defendant, Wellmark International (Wellmark), states as follows:

1 – 10. Plaintiff repeats, realleges and incorporates herein by reference paragraphs 1 – 10 of Count VI as paragraphs 1 – 10 of this count.

11. Plaintiff repeats, realleges and incorporates herein by reference paragraph 5 Count III as paragraph 11 of this Count.

WHEREFORE, Plaintiff prays for a judgment in her favor on behalf of herself and all plaintiffs and the Estate for an amount in excess of $50,000.00 and for costs of this action.

Respectfully Submitted,

**WENDLER LAW, P.C.**

By: */s/ Brian M. Wendler*
Brian M. Wendler #39151
900 Hillsboro, Suite 10
Edwardsville, IL 62025
Phone: (618) 692-0011
Fax: (618) 692-0022
*Attorneys for Plaintiff*

and

Maag Law Firm, LLC
Peter Maag
22 West Lorena Avenue
Wood River, Illinois 62095